IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Dennis Maurice Temple, | ) | Case No.: 8:19-cv-2659-JD-JDA |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **OPINION & ORDER** |
| Warden Scott Lewis, Associate Warden | ) | |
| Curtis Early, Associate Warden Susan | ) | |
| Duffy, Captain Adam Bradburn, Lieutenant | ) | |
| Robert Blackburn, Sergeant Kevin Borem, | ) | |
| Officer Kayla Shervey, Program Director | ) | |
| Rachel Salsburg, CBU Committee Member | ) | |
| Gregory Mason, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the Court with the Report and Recommendation of United States Magistrate Jacquelyn D. Austin ("Report and Recommendation"), made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2) of the District of South Carolina.[1] Dennis Maurice Temple ("Temple" or "Plaintiff"), proceeding *pro se*, seeks damages based on alleged civil rights violations pursuant to 42 U.S.C. § 1983.

Defendants filed a Motion for Summary Judgment on May 26, 2020. (DE 61.) On May 27, 2020, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Plaintiff was advised of the summary judgment and motion to dismiss procedures and the possible consequences if he failed to respond adequately to the motion. (DE 62.) Plaintiff filed a Response to Defendants'

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

Motion for Summary Judgment on June 8, 2020. (DE 68.) On November 12, 2020, Defendants filed a Reply to Plaintiff's Response. (DE 113.) The Report and Recommendation was issued on December 7, 2020, recommending that Defendants' Motion for Summary Judgment be granted. (DE 115.) Temple filed objections to the Report and Recommendation on March 1, 2021. (DE 130.) Defendants filed a reply on March 15, 2021. (DE 132.)

Objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir. 1984). "The Supreme Court has expressly upheld the validity of such a waiver rule, explaining that 'the filing of objections to a magistrate's report enables the district judge to focus attention on those issues -- factual and legal -- *that are at the heart of the parties' dispute*.'" Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (2005) (citing Thomas v. Arn, 474 U.S. 140 (1985) (emphasis added)). In the absence of specific objections to the Report and Recommendation of the magistrate judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Upon review, the Court finds that the Plaintiff's objections are non-specific, unrelated to the dispositive and/or at the heart of disputed portions of the Report and Recommendation, or merely restate his arguments. Accordingly, after review, the Court finds that Temple's objections are without merit. Therefore, after a thorough review of the Report and Recommendation and the record in this case, the Court adopts the Report and Recommendation and incorporates it herein by reference.

It is, therefore, **ORDERED** that Defendants' Motion for Summary Judgment is granted, and Plaintiff's Complaint is dismissed.

**IT IS SO ORDERED.**

Joseph Dawson, III
United States District Judge

Greenville, South Carolina
March 16, 2021

### NOTICE OF RIGHT TO APPEAL

Plaintiff is hereby notified that he has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.